IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE, WASHINGTON

| | |
|---|---|
| RONALD GRAND,<br><br>Plaintiff,<br><br>v.<br><br>HOLLAND AMERICA LINE INC., a Washington Corporation, HOLLAND AMERICA LINE N.V., a Curacao Corporation, and HAL ANTILLEN N.V., a Curacao Corporation,<br><br>Defendant. | NO.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW the plaintiff, Ronald Grand, by and through his attorneys, and for causes of action against defendants alleges as follows:

## I. JURISDICTION AND VENUE

1.1   This is an action by a cruise ship passenger who sustained injury on a voyage aboard the vessel M/S EURODAM (the "Vessel"), on a cruise departing from Fort Lauderdale, Florida. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1333, due to the maritime nature of the claims. Jurisdiction is also based on diversity of the citizenship of the parties, because the amount in controversy exceeds $75,000.

1.2   Venue is proper in this Court pursuant to 28 U.S.C. §1391 because defendant Holland America Line Inc. has its principal place of business in Seattle, Washington. Venue is also proper

COMPLAINT - 1

Anderson & Mitchell, PLLC
1239 120th Ave. NE, Suite A
Bellevue, WA 98005
Phone: (206) 436-8490
Fax: (206) 436-8491

under the forum selection clause contained in defendants' passenger contract.

## II.   PARTIES

2.1   Plaintiff Ronald Grand is a resident of Celebration, Florida and was a fare-paying passenger on the Vessel.

2.2   Defendant Holland America Line Inc. is a Washington corporation with its principal place of business in Seattle, Washington.  At all material times, Holland America Line Inc. was the operator of the Vessel, and the agent of defendants Holland America Line N.V. and HAL Antillen N.V.

2.3   Defendant Holland America Line N.V. is a Curacao corporation with its principal place of business in Seattle, Washington.  At all material times, Holland America Line N.V. was the charterer of the Vessel.

2.4   Defendant HAL Antillen N.V. is a Curacao corporation and at all material times was the owner of the Vessel.

## III.   FACTUAL BACKGROUND

3.1   On January 26, 2022, the Vessel began a 11 day cruise departing from Fort Lauderdale, Florida.  Ronald Grand was a passenger on the Vessel.

3.2   On February 5, 2022, plaintiff Grand was knocked down by an elevator door while entering an elevator on the ninth deck of the Vessel.  The door closed suddenly, and without warning, and with sufficient force to knock Mr. Grand to the floor.

3.3   After Mr. Grand fell, he immediately felt pain in his head, right knee and ankle.  Shortly after the fall, Mr. Grand's back also began to hurt.  He had back surgery in February 2022 as a result of injuries suffered in his fall.

3.4   As a result of his fall, plaintiff suffered serious personal injuries, including to his head, back, and right leg, and incurred medical expenses, which are continuing.

3.5   A notice of claim was mailed to defendant on February 16, 2022, including a request

COMPLAINT - 2

Anderson & Mitchell, PLLC
1239 120th Ave. NE, Suite A
Bellevue, WA 98005
Phone: (206) 436-8490
Fax: (206) 436-8491

to preserve any video of Mr. Grand's fall.

## IV. CAUSE OF ACTION - NEGLIGENCE

4.1     Plaintiff re-alleges the allegations in Paragraphs 1.1 through 3.5 as though set forth fully herein.

4.2     Defendants, as owners and operators of the Vessel, owed plaintiff the duty to use reasonable care under the circumstances. This duty includes the obligation to maintain vessel equipment, including elevator doors, in a condition that is reasonably safe for passengers to use.

4.3     Defendants knew, or should have known, that the elevator doors were not properly calibrated or adjusted, and were therefore not reasonably safe.

4.4     Defendants breached their duty of care by failing to maintain the elevator doors in a reasonably safe condition.

4.5     Defendants breached their duty of care by failing to properly train their personnel to inspect and maintain elevator doors in a reasonably safe condition.

4.6     Defendants failed to provide warnings to passengers that the Vessel's elevator doors could suddenly close with sufficient force to cause injury.

4.7     As a direct and proximate result of defendants' negligence, plaintiff suffered permanent injury, past and future pain and suffering, incurred medical bills and other monetary damages, and will incur additional medical bills and monetary damages in the future.

## V. JURY DEMAND

5.1     Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

Plaintiff requests that judgment be entered against Defendants as follows:

a.     Awarding Plaintiff damages in an amount to be established at the time of trial.

b.     Awarding Plaintiff's actual and reasonable attorney's fees, litigation expenses, and costs incurred in this action to the extent provided by any applicable law, and

COMPLAINT - 3

Anderson & Mitchell, PLLC
1239 120th Ave. NE, Suite A
Bellevue, WA 98005
Phone: (206) 436-8490
Fax: (206) 436-8491

c.  Awarding Plaintiff any additional or further relief which the court finds appropriate, equitable or just.

DATED this 27th day of June, 2022.

                        ANDERSON & MITCHELL, pllc

                        By /s/ Wayne Mitchell
                        Wayne Mitchell WSBA # 24347
                        Attorney for Plaintiff

COMPLAINT - 4

Anderson & Mitchell, PLLC
1239 120th Ave. NE, Suite A
Bellevue, WA 98005
Phone: (206) 436-8490
Fax: (206) 436-8491